| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>HALL GRIFFIN LLP<br>Valerie J. Schratz (SBN 272418)<br>Rachel C. Witcher (SBN 286515)<br>1851 E. First St., 10th Floor<br>Santa Ana, CA 92705<br>Tel: (714) 918-7000<br>Fax: (714) 918-6996<br>vschratz@hallgriffin.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Bank of NY Mellon & Nationstar | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** SANTA ANA DIVISION

| In re:<br>Nancy Marie Horner<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:19-bk-11804-TA<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 06/25/2019<br>TIME: 10:30 am<br>COURTROOM: 5A |

**Movant**: The Bank of New York Mellon, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificate, Series 2005-16 and Nationstar Mortgage LLC

1. **Hearing Location**:
   ☐ 255 East Temple Street, Los Angeles, CA 90012         ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 1                           **F 4001-1.RFS.NONBK.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 05/28/2019

Hall Griffin LLP
Printed name of law firm (if applicable)

Valerie J. Schratz
Printed name of individual Movant or attorney for Movant


/s/ Valerie J. Schratz
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff
   
   b. ☐ Defendant
   
   c. ☒ Other (*specify*): Defendants in the lead case, Plaintiffs in the consolidated Unlawful Detainer case.

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Nancy M. Horner v. The Bank of New York Mellon, et al.
   
   b. *Docket number*: 30-2017-00920620-CU-OR-CJC / 30-2017-00911630-CU-UD-CJ
   
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      California Superior Court, County of Orange
   
   d. *Causes of action or claims for relief (Claims)*:
      (1) Wrongful Foreclosure, (2) Quiet Title, (3) Cancellation of Instruments, (4) Slander of Title, (5) Violation of HBOR and (6) Unfair Business Practices. Consolidated with Unlawful Detainer case, BONY v. Horner.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13
      was filed on (*date*) 05/09/2019.
   
   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____.
   
   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.
   
   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   
   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   
   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.
   
   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 3    **F 4001-1.RFS.NONBK.MOTION**

    f.   ☒  The bankruptcy case was filed in bad faith.

        (1) ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (2) ☒  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

        (3) ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

        (4) ☒  The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

    g.   ☒  Other (*specify*):
Debtor has filed a lengthy campaign of litigation and bankruptcy actions solely to delay the now-completed foreclosure and pending eviction of Debtor from real property. Her appeals are now exhausted.

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c.  ☐  Other (*specify*):

6. **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b.  ☒  Supplemental declaration(s).

    c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d.  ☐  Other evidence (*specify*):

7.  ☐  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*　　　　　　　　　　　　　　　　　Page 4　　　　　　　　　　　　　　**F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date: 05/28/2019

Hall Griffin LLP
Printed name of law firm (*if applicable*)

Valerie J. Schratz
Printed name of individual Movant or attorney for Movant

/s/ Valerie J. Schratz
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 5                            F 4001-1.RFS.NONBK.MOTION

# DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Valerie J. Schratz, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (*title and capacity*):
   ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff
   ☐ Defendant
   ☒ Other (*specify*): Defendants in the lead case, Plaintiffs in the consolidated Unlawful Detainer case.

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: Nancy M. Horner v. The Bank of New York Mellon, et al.
   b. *Docket number*: 30-2017-00920620-CU-OR-CJC / 30-2017-00911630-CU-UD-CJ
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
      Superior Court of California, County of Orange

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:
      (1) Wrongful Foreclosure, (2) Quiet Title, (3) Cancellation of Instruments, (4) Slander of Title, (5) Violation of HBOR and (6) Unfair Business Practices. Consolidated with Unlawful Detainer case, The Bank of New York Mellon et al. v. Horner.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit A.

   c. The Nonbankruptcy Action was filed on (*date*) 05/16/2017.

   d. Trial or hearing began/is scheduled to begin on (*date*) 01/13/2020.

   e. The trial or hearing is estimated to require 7-10 days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 6                              F 4001-1.RFS.NONBK.MOTION

g. Other defendants in the Nonbankruptcy Action are (*specify*):
The Wolf Law Firm a Law Corporation, a California Corporation; and Aurora Loan Services, LLC, a California Limited Liability Company.

6. **Grounds for relief from stay:**

   a. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

   d. ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

      (1) ☒ It is currently set for trial on (*date*) __01/13/2020__.

      (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

      (3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

   e. ☒ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

      (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (2) ☒ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):
      Debtor has filed a lengthy campaign of litigation, appeals, bankruptcy cases and other actions solely to delay the now-completed foreclosure and pending eviction of real property. Debtor has now exhausted her appeals in the consolidated UD Action (Court of Appeals affirmed judgment in favor of movants, CA Supreme Court denied Debtor's Petition for Review).

      (3) ☒ Multiple bankruptcy cases affecting the Property include:

         (A) Case name: In re Nancy Marie Horner and Michel Bartolotto
         Case number: 11-18022       Chapter: 13
         Date filed: 06/06/2011    Date discharged:           Date dismissed: 08/26/2011
         Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☒ was not   granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 7                            **F 4001-1.RFS.NONBK.MOTION**

    (B) Case name: In re Nancy Marie Horner
        Case number: 15-26109        Chapter: 7
        Date filed: 10/20/2015    Date discharged: 02/01/2016    Date dismissed:
        Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☒ was not  granted.

    (C) Case name: In re Nancy Marie Horner
        Case number: 14-14846        Chapter: 7
        Date filed: 08/05/2014    Date discharged:    Date dismissed: 12/18/2014
        Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☒ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

    ☒ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☒ See attached continuation page for other facts justifying relief from stay.

7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

  c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/28/2019 | Valerie J. Schratz | /s/ Valerie J. Schratz |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 8    **F 4001-1.RFS.NONBK.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1851 E. First St., 10th Floor, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _05/28/2019_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Amrane (SA) Cohen (TR)     efile@ch13ac.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _05/28/2019_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Nancy Marie Horner
320 11th St
Huntington Beach, CA 92648

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _05/28/2019_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
VIA OVERNIGHT MAIL
United States Bankruptcy Court
Honorable Theodor C. Albert
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/28/2019 | Laura Lane | /s/ Laura Lane |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 9                                      F 4001-1.RFS.NONBK.MOTION