## **SUPPLEMENTAL DECLARATION RE ACTION IN NONBANKRUPTCY FORUM (CONTINUATION PAGE)**

I, Valerie J. Schratz, declare as follows:

I am an attorney at law duly licensed to practice before all of the courts in the State of California. I am a partner with the law firm of Hall Griffin LLP, counsel of record for Movants The Bank of New York Mellon, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-16 ("BONY") and Nationstar Mortgage LLC ("Nationstar") (collectively, "Movants") in this action and many of the litigation actions discussed below, including the consolidated civil case discussed below. I have personal knowledge of the facts set forth in this Declaration based upon my review of public records and litigation history and, if called as a witness, could and would testify competently to such facts under oath.

Debtor's husband, Michel Bartolotta, has also filed a separate bankruptcy case to stop foreclosure proceedings, despite the fact that Mr. Bartolotta has never held title to the subject Property and was not a borrower on the loan that was being foreclosed. *In re Michael Bartolotta*, US Bankruptcy Court, Central District of California, Case No. 8:15-bk-16041-TA, filed 12/28/2015, dismissed 1/15/2016 for failure to file required information.

The (consolidated) NonBankruptcy Action can be tried more expeditiously in the nonbankruptcy forum, namely the Orange County, California Superior Court. First, there have already been several proceedings in the nonbankruptcy forum, and the current nonbankruptcy forum proceedings should be allowed to continue given their advanced state:
   (a)    Debtor filed the lead case over two years ago, on May 16, 2017. The parties have completed discovery, including expert discovery, and discovery is now closed based upon a prior (now continued) trial date. The parties have attended mediation, a Motion for Terminating Sanctions is set for hearing on June 20, 2019, and a Mandatory Settlement Conference is set for December 13, 2019. Trial is set for January 13, 2020.
   (b)    The Unlawful Detainer case was filed by Movants on March 29, 2017. Debtor filed a Demurrer, which was overruled on July 21, 2017. Following an opposed Motion for Summary Judgment, judgment for possession of the property was entered in favor of Movants on September 8, 2017. Debtor appealed this judgment, and the Court of Appeals denied such appeal on February 14, 2019. Debtor's Petition for Rehearing was denied on March 1, 2019. Debtor then submitted a Petition for Review to the California Supreme Court on March 26, 2019, which was denied on May 1, 2019. Remittitur was issued on May 10, 2019.

Moreover, the claims at issue in the consolidated nonbankruptcy action are non-core state law claims that are best resolved in the nonbankruptcy forum. In *Hinduja v. Arco Products Co.* (9th Cir. 1996) 102 F.3d 987, the Ninth circuit held that a case involving a contract dispute "is not a case where a separate state action will interfere with the uniformity required in bankruptcy proceedings or with the control of the

bankruptcy court over those proceedings.  It is a simple matter of enforcing contract law and deciding claims arising out of actions which allegedly breached contracts."  A proceeding will not be considered a core matter, even if it falls with the literal language of §157(b)(2)(A) or (b)(2)(0), if it is a state law claim that could exist outside of bankruptcy and is not inextricably bound to the claims allowance process or a right created by the Bankruptcy Code.  Here, Debtor asserts that Movants did not have the right to proceed with foreclosure under the loan contracts and California statutes, and the consolidated case seeks possession of real property following the foreclosure.  These claims are state law claims, most of which Debtor herself originally brought in the nonbankruptcy forum and litigated for years before filing bankruptcy.  The nonbankruptcy forum has a scheduled trial in the lead case, and judgment in the consolidated Unlawdul Detainer is final and all appeals now exhausted.  Debtor's bankruptcy filing should not delay the ongoing and nearly complete litigation process in the nonbankruptcy forum.

Finally, Debtor has repeatedly litigated claims in the nonbankruptcy forum in the past against one or both Movants and/or their predecessors, thus the nonbankruptcy forum is the best place to adjudicate the similar claims being asserted now.  Prior actions filed by Debtor related to the same loan and property at issue in the current nonbankruptcy action are discussed below:

(1)    Orange County Superior Court Case No. 30-2012-00600922, *Bank of America, N.A. v. Michael Bartolotta* and cross-claim *Michael Bartoletta and Nancy Horner v. Countrywide Bank, N.A., et al.*  Cross-Complaint filed November 21, 2012.  Debtor dismissed her cross-claims on May 8, 2013.

(2)    Orange County Superior Court Case No. 30-2012-00592013, *Nancy M. Horner v. Lehman Brothers Bank, FSB, et al.*  Filed 8/17/12.  Following start of trial, judgment of non-suit was entered in favor of defendants and against Debtor on 6/20/14.

(3)    Orange County Superior Court Case No. 30-2014-00717561, *Nancy M. Horner v. Aurora Loan Services, LLC, et al.*  Filed on April 19, 2014.  While a Demurer to Debtor's Complaint was pending, Debtor dismissed this action on July 9, 2014.

(4)    United States District Court, Central District of California, Case No. 8:15-cv-1129 CJC (SFMx), *Nancy Horner v . The Wolf Firm, et al.*  Filed on July 20, 2015.  The Court dismissed the action on December 1, 2015, and entered judgment against Debtor and in favor of defendants on December 11, 2015.  Debtor filed an untimely appeal to the Ninth Circuit, and the appeal was later dismissed.

(5)    Orange County Superior Court Case No. 30-2016-00841326, *Nancy M. Horner v. The Bank of New York Mellon, et al.*  Filed on March 16, 2016.  Removed to U.S. District Court, Central District of California, Case No. 16-cv-00557 CJC (DFMx), on 3/24/2016.  The case was dismissed on 12/6/2016, following a Motion to Dismiss.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on this 28th day of May, 2019, at Santa Ana, California.

*/s/ Valerie J. Schratz*
Valerie J. Schratz