ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Nancy Marie Horner<br>320 11th Street<br>Huntington Beach, CA 92648<br>Telephone: (562) 519-8260<br>nancyhorner@vermacinc.com | **FILED**<br>JUN 11 2019<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |
| ☒ *Respondent appearing without attorney*<br>☐ *Attorney for Respondent:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>Nancy Marie Horner | CASE NO.: 8:19-bk-11804-TA |
|---|---|
| | CHAPTER: 13 |
| | **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** |
| | DATE: 06/25/2019<br>TIME: 10:30 am<br>COURTROOM: 5A<br>PLACE: 411 West Fourth Street<br>Santa Ana, CA 92701 |
| Debtor(s). | |

**Movant:** The Bank of New York Mellon, as Trustee for Structures Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-16 and Nationstar Mortgage LLC.

**Respondent:**   ☒ Debtor    ☐ trustee    ☐ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
>
> A copy of the Response, exhibit(s) and declaration(s) must be served upon:
>
> (1) Movant's attorney (or Movant, if Movant does not have an attorney);
> (2) the trustee; and
> (3) the judge who presides over this bankruptcy case.
>
> Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**
   The Respondent does not oppose the granting of the Motion.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                         Page 1                                F 4001-1.RFS.RESPONSE

2. ☐ **LIMITED OPPOSITION**

   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*): _____ and the reason for this request is (*specify*):

   b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

      The Debtor:
      (1) ☐ has no knowledge of the Property.
      (2) ☐ has no interest in the Property.
      (3) ☐ has no actual possession of the Property.
      (4) ☐ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

3. ☒ **OPPOSITION:** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (*specify*):

      (1) ☐ Not all of the required parties were served.
      (2) ☐ There was insufficient notice of the hearing.
      (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

   b. ☒ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:

      (1) ☐ The value of the Property is $ _____, based upon (*specify*):

      (2) ☐ Total amount of debt (loans) on the Property is $ _____.

      (3) ☐ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

      (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.

      (5) ☐ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit _____.

      (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.

      (7) ☐ The Property is insured. Evidence of current insurance is attached as Exhibit _____.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 2                                    F 4001-1.RFS.RESPONSE

(8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.

(9) ☐ Respondent denies that this bankruptcy case was filed in bad faith.

(10) ☐ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.

(11) ☒ Other (*specify*):
SEE DECLARATION IN OPPOSITION TO MOTION FOR RELIEF FROM STAY

c. ☒ Respondent asserts the following as shown in the declaration(s) filed with this Response:

(1) ☐ The bankruptcy case was converted from chapter ___ to chapter ___.

(2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.

(3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments
☐ are current, or ☐ will be cured by the hearing date on this motion.

(4) ☐ The Debtor has equity in the Property in the amount of $ _____.

(5) ☐ Movant has an equity cushion of $ _____ or _____% which is sufficient to provide adequate protection.

(6) ☒ The Property is necessary for an effective reorganization because (*specify*):
SEE DECLARATION IN OPPOSITION TO MOTION FOR RELIEF FROM STAY

(7) ☒ The motion should be denied because (*specify*):

SEE OPPOSITION TO MOTION FOR RELIEF FROM STAY AND DECLARATION

(8) ☐ An optional memorandum of points and authorities is attached in support of this Response.

4. **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☒ Declaration by the Debtor    ☐ Declaration by the Debtor's attorney
☐ Declaration by trustee       ☐ Declaration by trustee's attorney
☐ Declaration by appraiser     ☐ Other (*specify*):

Date: 06/11/2019

_____
Printed name of law firm for Respondent (if applicable)

Nancy Marie Horner
_____
Printed name of individual Respondent or attorney for Respondent

*[signature]*
_____
Signature of individual Respondent or attorney for Respondent

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 3                                F 4001-1.RFS.RESPONSE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

320 11th Street
Huntington Beach, CA 92648

A true and correct copy of the foregoing document entitled: **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 6/11/19, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane (SA) Cohen (TR)    efile@ch13ac.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 6/11/19, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

HALL GRIFFIN LLP
VALERIE J. SCHRATZ,
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 6/11/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Theodor C. Albert    411 West Fourth Street, Suite 5085 / Judge's Copy, Bin by 5th floor elevators, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/11/2019 | Michel Bartolotta | /s/ Michel Bartolotta |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.RESPONSE

Nancy Marie Horner
320 11th Street
Huntington Beach, CA 92648
Telephone: (562) 519-8260
Email: nancyhorner@rmacinc.com

Chapter 13 Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br><br>NANCY MARIE HORNER,<br><br>Debtor. | Case No.:  8:19-bk-11804-TA<br>(Assigned for all purposes to<br>the Honorable Theodor C. Albert)<br><br>CHAPTER 13<br><br>DECLARATION OF NANCY MARIE HORNER IN SUPPORT OF:<br><br>NANCY MARIE HORNER'S OPPOSITION TO THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-16 AND NATIONSTAR MORTGAGE LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY) **(Docs. 13, 13-1, 13-2, and 13-3)**<br><br>Date: June 25, 2019<br>Time: 10:30 a.m.<br>Courtroom: 5A |

I, NanCy Marie Horner, declare as follows:

1. I am the Chapter 13 Debtor in this case; I am over twenty-one years of age, of sound mind and otherwise competent to testify to the matters stated herein; and I have personal knowledge of the facts stated herein and know them to be true and correct.

2. Movants Bank of New York Mellon as Trustee for Structures Asset Securities Corporation Mortgage Pass-Through Certificates Series 2005-16 ("Mellon/SASCO") and Nationstar Mortgage LLC ("Nationstar") (collectively "Movants") initiated the Motion for Relief from the Automatic Stay (Action in Non-Bankruptcy Forum) by filing Local Form F 4001-1.RFS.RP.MOTION.

3. The facts set forth in the Memorandum of Law in my Response in Opposition to the Motion for Relief from the Automatic Stay (Action in Non-Bankruptcy Forum) are true and correct, except where stated upon information and belief, and as to statements upon information and belief, I verily believe the same to be true.

4. At no time have I acted in of bad faith or mal intention, in connection with the preparation or filing of any documents, before this or any other Court and I am entitled to an evidentiary hearing on the issue of my good faith, which has been placed in issue by counsel for Nationstar, Attorney Valerie J. Schratz, who has also purports to appear on behalf of Mellon/SASCO.

5. Attorney Schratz has no personal knowledge of my good faith intentions with respect to these proceedings or any other judicial proceeding in which I have been forced to be a party because of the forged documents which have been produced in support of the claimed right to the remedy of nonjudicial foreclosure and have been filed in the Orange County Official Records by Aurora Loan Services, LLC (ALS) and its successors in interest.

6. My Declaration in Response and Opposition to the Motion for Relief from Stay related to the Non-Bankruptcy Action presently pending in the Superior Court for Orange County as *Horner v. Bank of New York Mellon as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificate, (sic) Series 2005-16, et al.* in the Superior Court for Orange

County, Case No. 30-2017-00920620-CU-OR-CJC is evidence of my good faith efforts to identify the party entitled to the beneficial interest in my Deed of Trust which cannot be Mellon/SASCO or Nationstar because their interest in my Homestead are based on forged documents.

7. I have been consistently seeking to identify the party entitled to the benefit of my payments under the Note I made payable to and secured by the Deed of Trust I executed in favor of Lehman Brothers Bank, FSB on July 13, 2005.

8. Two (2) expert witnesses have examined the copy of the purported "original" Note and the purported "original" Deed of Trust provided to me as evidence of the right of its successor in interest, Aurora Bank, FSB (Aurora Bank), Nationstar, as the claimed successor in interest to Aurora Bank, and Mellon/SASCO to seek the remedy of nonjudicial foreclosure against my Homestead and to evict me from my Homestead of over 30 years.

9. My Declaration and **Exhibits A-G** attached to my Declaration in Response and Opposition to the Motion for Relief from the Automatic Stay related to the Non-Bankruptcy Action are incorporated by reference herein in defense of the unsupported assertion that these bankruptcy proceedings were filed in "bad faith".

10. It is not your Declarant, but the Movants, who are proceeding in bad faith.

11. Movants proceeded against me in the Unlawful Detainer Action on May 30, 2019 in violation of the automatic stay, two (2) days after filing two (2) Motions for Relief from the Automatic Stay in contempt of 11 U.S.C. sec. 362(a) in an effort to obtain a Writ of Possession in violation of my present rights to possession of my Homestead, knowing that the automatic stay was then and there in effect.

12. Rather than file a Motion for Relief from the Automatic Stay to be allowed to proceed in the Unlawful Detainer Action under Local Form F 4001-1.RFS.UD.MOTION, counsel for the Movant falsely stated, under penalty of perjury, that the Non-Bankruptcy Action was consolidated with the Unlawful Detainer Action, when it was never consolidated with or into the Non-Bankruptcy Action.

Case 8:19-bk-11804-TA    Doc 21    Filed 06/11/19    Entered 06/11/19 17:23:33    Desc
Main Document    Page 8 of 9

13. In an apparent effort to avoid filing Local Form F 4001-1.RFS.UD.MOTION and asserting their respective claimed interests in my Homestead, which would require the false statement of either of their interests as "Owner", "Authorized Agent of the owner of the property" or "Other" (with an explanation), they have chosen to proceed under Local Form F 4001-1.RFS.RP.MOTION.

14. The Second Motion for Relief from Stay entirely misrepresents the purpose for which relief from the stay is being sought by the Movants whose true purpose is to terminate my equitable rights to possession of my Homestead while I reorganize my financial affairs in these proceedings.

15. The Second Motion for Relief from Stay should be denied for failure to use the applicable Local Form required by Local Rule 4001(b)(1).

16. Local Rule 4001(b)(1), which provides:

**(b) Form Motions and Orders.**
(1) Motions. An entity seeking relief from the automatic stay, extension of the stay, imposition of the stay, or confirmation that the stay is terminated or no longer in effect, must file a motion using the court-mandated F 4001-
1 series of form motions. The failure to use the mandatory
forms may result in the denial of the motion or the
imposition of sanctions.

17. Movant's deliberate choice of the wrong Local Form is not a harmless error because failure to do file the required form prevents me from defending in this action based on established Ninth Circuit precedent in *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d. 1120, 1131 (9th Cir., 2016), holding "The unlawful detainer judgment and writ of possession entered pursuant to California Code Civil Procedure § 415.46 bestowed legal title and *all* rights of possession upon Eden Place." (Emphasis added.)

18. Movants know that the Writ of Possession issued in the Unlawful Detainer Action had been stayed and expired on June 4, 2018, which was their very purpose of the proceedings they pursued on May 30, 2019 in violation of the automatic stay.

19. I did not attend the May 30, 2019 hearing because the automatic stay is in effect and protects my equitable rights to possession of my Homestead.

DECLARATION OF NANCY MARIE HORNER IN SUPPORT OF OPPOSITION TO
MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)
4

20. In addition to denying the Second Motion for Relief from Stay (Doc. 13, 13-1, 13-2, and 13-3), sanctions should be imposed against the Movants for failing to file the correct Local Form for Relief from Stay pursuant to Local Rule 4001(b)(1).

I declare under penalty of perjury pursuant to 28 U.S.C. sec. 1746 and under the laws of the State of California that the foregoing is true and correct, dated June 11, 2019 at Huntington Beach, California.

By _____
NanCy Marie Horner,
Declarant