HALL GRIFFIN LLP
VALERIE J. SCHRATZ, State Bar No. 272418
 vschratz@hallgriffin.com
RACHEL C. WITCHER, State Bar No. 286515
 rwitcher@hallgriffin.com
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Movants
NATIONSTAR MORTGAGE LLC and THE
BANK OF NEW YORK MELLON, as
Trustee for Structured Asset Securities
Corporation Mortgage Pass-Through
Certificate Series 2005-16

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>NANCY MARIE HORNER,<br><br>    Debtor. | CASE NO. 8:19-bk-11804-TA<br><br>Chapter 13<br><br>**REPLY TO DEBTOR'S RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY (REAL PROPERTY)**<br><br>DATE:    June 25, 2019<br>TIME:    10:30 a.m.<br>CRTRM.: 5A |

In her Response to Movants NATIONSTAR MORTGAGE LLC's and THE BANK OF NEW YORK MELLON, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificate Series 2005-16's ("Movants") Motion for Relief from the Automatic Stay (Real Property), Debtor NANCY MARIE HORNER ("Debtor") does not deny that she has engaged in a litany of litigation actions, appeals, prior bankruptcy proceedings and other tactics. Instead, she argues that there is no proof she proceeded with her tirade of litigation *in bad faith*. Movants argue they have presented ample proof to show Debtor's bad faith via her litigation scheme, enacted solely to delay eviction from the subject property following a foreclosure sale completed over three years ago.

The Central District has interpreted a "scheme" to mean "a plan adopted for the nefarious purposes specified in the statute: to delay, hinder and defraud creditors." *In re Duncan & Forbes Development, Inc.*, 368 B.R. 27, 32 (Bankr. C.D. Cal. 2006). Importantly, "[i]t is not common to not have direct evidence of an artful plot or plan to deceive others, In general, the court must infer the existence and contents of a scheme from circumstantial evidence." *Id.*

Here, the scheme that Debtor employs and implements is readily inferred from the facts described in Movants' Motion, namely her and her husband's numerous and unmeritorious litigation and prior bankruptcy actions. It is clear that Debtor would stop at nothing to avoid eviction from the subject property, which has already been appealed and judgment in favor of Movants upheld. Combined, this seemingly unending stream of court action and other delay tactics by Debtor and her husband is compelling evidence of the existence of a "scheme" within the meaning of 11 U.S.C. § 362(d)(4).

Debtor then asserts that Movants' counsel made false statements by claiming the underlying civil and Unlawful Detainer actions were never consolidated. As evidenced by the Minute Order attached hereto as Exhibit A, the Superior Court did indeed relate these cases and consolidate them with the same judge, for all purposes.

Debtor then asserts that Movants acted in bad faith by filing the Real Property form instead of the Unlawful Detainer form with this Court. These forms are substantially similar, and there is no applicable information requested in the Unlawful Detainer form that is not discussed in Movants' Real Property form. Moreover, given Debtor's multiple appeals of the underlying Unlawful Detainer judgment and her ongoing civil action related to the subject property, the more inclusive Real Property form is applicable. Debtor's contention that the wrong form was filed to avoid claiming ownership of the subject property is plainly wrong – Movants clearly discussed their title ownership interests in the Declaration incorporated into the Motion. Debtor's further contention that filing the wrong form prevents her from defending in this action is completely unsupported.

Debtor claims Movants acted in bad faith by proceeding with a hearing in the

Unlawful Detainer action on May 30, 2019. The motions at issue during this hearing were filed before Debtor's bankruptcy petition, and included a Motion to Set Aside Judgment filed by Debtor herself. Debtor did not take her Motion to Set Aside off calendar, thus it proceeded on May 30, 2019, along with another motion. Moreover, the Orange County Superior Court issued a detailed analysis in which it concluded it was allowed it to proceed despite Debtor's bankruptcy filing. This analysis is attached to Debtor's Response to Motion Regarding the Automatic Stay (Action in NonBankruptcy Forum) as Exhibit F. Movant did not force the Superior Court to conduct such analysis or to proceed with the May 30 hearing, thus there have been no improper actions by Movants.

Finally, Debtor has again acted in bad faith by admitting she executed a substantial loan secured by the property (see Debtor's Declaration, ¶ 7), then claiming that she should not have to pay such loan as the documents were forged. Debtor also failed to include any loan obligation in her recently filed schedules. It is clear Debtor's goal is to obtain a free million-dollar house through her litigation actions and this bankruptcy.

Debtor's actions cannot be described as anything other than a complete abuse of the litigation and bankruptcy process, and it is clear Debtor gained the protections of the automatic stay through bad faith only. Given the foregoing, Movants request that this Court grant their Motion for Relief from the Automatic Stay (Real Property) under 11 U.S.C. § 362, including the issuance of in rem relief.

DATED: June 17, 2019    HALL GRIFFIN LLP

By: /s/ Valerie J. Schratz
Valerie J. Schratz, Esq.
Rachel C. Witcher, Esq.
Attorneys for Movants
NATIONSTAR MORTGAGE LLC and THE BANK OF NEW YORK MELLON, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificate Series 2005-16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1851 East First Street, 10th Floor, Santa Ana, California 92705

A true and correct copy of the foregoing document entitled (specify): Reply to Debtor's Response to Motion Regarding The Automatic Stay (Real Property)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 6/18/19, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Amrane (SA) Cohen (TR)   efile@ch13ac.com
  United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 06/18/19, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Nancy Marie Horner
320 11th St
Huntington Beach, CA 92648

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 6/18/19, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Theodor C. Albert  - VIA OVERNIGHT
United States Bankruptcy Court
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/18/19 | Laura Lane | /s/ Laura Lane |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                     **F 9013-3.1.PROOF.SERVICE**